# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| BRIYAN MARTINEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NUMBER: |
| v. | ) |
| | ) |
| JIM BISHOP CABINETS, INC. | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## COMPLAINT

## PRELIMINARY STATEMENT

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and the Americans with Disabilities Amendment Act of 2008 (ADAAA), 42 U.S.C. § 12101 et seq.

## PARTIES

2. Plaintiff Mr. Briyan Martinez is a citizen of the United States and resident of Montgomery County, Alabama.

3. Upon information and belief, Defendant, Jim Bishop Cabinets, Inc. ("Bishop Cabinets"), is subject to suit under Title VII and ADA. Defendant was Plaintiff's employer for purposes of Title VII of the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," the Americans

with Disabilities Amendment Act of 2008 (ADAAA), 42 U.S.C. § 12101 et seq. and 42 U.S.C. § 1981(a) and (b).

4. The Defendant employs at least fifteen (15) persons and at all relevant times, Defendant has continuously been doing business in the State of Alabama and has continuously employed at least over fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## PROCEDURAL HISTORY

6. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq and the Americans with Disabilities Amendment Act of 2008 (ADAAA), 42 U.S.C. § 12101 et seq.

7. Plaintiff is filing the instant lawsuit within ninety (90) days of the receipt of his notice of right to sue pursuant to Title VII and the ADA.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), 2201 and 2202. This is a suit authorized and instituted pursuant to

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended by the Civil Rights Act of 1991 and the Americans with Disabilities Amendment Act of 2008 (ADAAA), 42 U.S.C. § 12101 et seq.

9. The jurisdiction of this Court is invoked to secure protection for and to redress deprivation of rights secured by Title VII, 42 U.S.C. § 1981a, 42 U.S.C. § 1981(a) and (b) providing for injunctive and other relief against race (Hispanic), and disability discrimination and retaliation in employment.

10. Venue is proper in the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the unlawful employment practices is alleged to have been committed within the United States District Court for the Middle District of Alabama.

11. Venue is also proper pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices are alleged to have been committed within the United States District Court for the Middle District of Alabama.

12. A substantial part of the events or omissions giving rise to the claims herein occurred in Montgomery County in the United States District Court for the Middle District of Alabama, Northern Division.

## FACTS

13. Plaintiff Mr. Martinez is a male citizen of the United States.

14. Mr. Martinez is a gay Hispanic man of Honduran descent.

**Sex, Gender, Gender Expression, and Gender Identity**

15. Sex is a term that includes gender, and gender expression within its meaning.

16. Sex stereotyping refers to the application by an employer of stereotypes related to sex to restrict, disparage, or discriminate on the basis of an employee's gender expression or identity.

17. Gender refers to cultural expectations specific to the sexes.

18. Gender expression refers to a person's gender-related appearance and behavior, whether or not stereotypically associated with the person's sex assigned at birth.

19. Discrimination against gay or homosexual people for being gay or homosexual is based on their sex, sex stereotyping, gender, and gender expression.

**Employment with Defendant Jim Bishop Cabinets, Inc.**

20. Mr. Martinez is a gay male of Honduran national origin.

21. Mr. Martinez was hired by Bishop Cabinets in April 2023 as a line worker.

22. Bishop Cabinets makes custom cabinetry that is built to order for its customers.

23. In May 2023, Mr. Martinez reported that to the Defendant's human resources department that he was being harassed by his co-workers because of his sexual orientation.

24. Mr. Martinez requested that he be moved to another line within the Defendant's operation; however, his request was denied.

25. The harassment eventually stopped.

26. In or around January 2024, after he was moved to another area, the floor manager Lisa Smith, began scrutinizing his work, touching his hair without permission, and constantly nitpicking his mode of dress and whether he was wearing PPE correctly.

27. The working conditions on the new assignment caused Mr. Martinez to develop respiratory issues. Such that he developed debilitating nosebleeds.

28. Mr. Martinez shared his medical condition with Mr. Smith who ignored it and on May 21, 2024, wrote him up for taking too may breaks to address his nosebleeds.

29. Upon information and belief, Mr. Martinez suffers from a physical or mental impairment that substantially limits one or more major life activities; has a

record of such an impairment; or the Defendant regarded him as having such an impairment.

30. On or around May 25, 2024, Mr. Martinez's respiratory issues got worse and he requested to be moved to another area. He made this request to human resources.

31. Human resources requested medical documentation from Mr. Martinez as proof of his condition, but because he was not yet eligible for insurance he was unable to seek medical treatment.

32. Because he could not produce medical documentation, his request to move was denied.

33. On June 11, 2024, Mr. Martinez had a doctor's appointment as he now had insurance.

34. He requested to leave work early to attend this appointment for treatment and to provide the Defendant with the paperwork it had requested on May 25, 2024.

35. The Defendant threatened Mr. Martinez with a disciplinary action if he attended this doctor's appointment.

36. Mr. Martinez's respiratory issues progressively worsened and on June 19, 2024, he submitted medical documents indicating that his health issues stemmed

from dust in the area where he was currently assigned.

37. Mr. Martinez again requested to be moved to another area but he was denied allegedly due them being fully staffed.

38. Upon information and belief, despite Mr. Martinez's disability, with or without reasonable accommodation, he was able to perform the essential functions of line worker on the Defendant's Production Line.

39. Upon information and belief, the Defendant had open positions on its various Production Lines for which Mr. Martinez could staff.

40. On or around July 25, 2024, Mr. Martinez informed Lisa that he was feeling dizzy and needed to take a break, but she refused.

41. Mr. Martinez was unable to work due to his respiratory distress and was terminated that day for refusing to work.

42. Mr. Martinez was not in violation of any work rules that justified his termination and was always within work rules in the performance of his duties.

43. Mr. Martinez was terminated because of his disability or perceived disability, respiratory distress, and its associated effects and/or for reporting and opposing sex and disability discrimination.

44. The Defendant failed to engage in the interactive process to determine the appropriate reasonable accommodation necessary for Mr. Martinez to continue

working.

45. After Mr. Martinez's request, the Defendant failed to identify the precise limitations resulting from his disability and any potential reasonable accommodations that could overcome those limitations.

## CAUSES OF ACTION COUNT 1

### 42 U.S.C. §2000e, et seq.
### Sex Discrimination

46. Plaintiff incorporates by reference paragraphs 1-45 as if fully set forth herein.

47. Mr. Martinez is a member of a protected category, i.e., sex and/or gender.

48. Mr. Martinez is and was qualified to perform the job for which he was terminated.

49. Defendant, by and through its manager, facilitated Mr. Martinez's termination because of his sex, gender and/or gender expression.

50. Defendant's reasons for terminating Mr. Martinez were false and a pretext for discrimination on the basis of sex, gender and/or gender expression.

52. Defendant's termination of the Plaintiff was motivated in whole or in part by its bias based on sex, gender and/or gender expression.

53. Defendant's termination of the Plaintiff based on sex, gender and/or gender expression constitutes a violation of 42 U.S.C. §2000e, et seq.

54. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages including but not limited to lost wages, humiliation, emotional distress, and other pecuniary and non-pecuniary losses, which damages would not have occurred but for Defendant Bishop Cabinet's unlawful discrimination.

55. Defendant acted intentionally or recklessly in regard to Plaintiff's federally protected rights, for which he seeks punitive damages.

## CAUSES OF ACTION COUNT 2

### Americans with Disabilities Amendment Act of 2008 (ADAAA)
### 42 U.S.C. § 12101 et seq.

56. Plaintiff incorporates by reference paragraphs 1-45 as if fully set forth herein.

57. As stated, Plaintiff is a person with a disability, has a history of disability or is perceived as disabled pursuant to 42 U.S.C. § 12102.

58. Despite Plaintiff's disability, with or without reasonable accommodation, he is able to perform the essential functions of his former position as an Line Worker.

59. Plaintiff meets the definition of a "qualified individual with a disability" in that he is an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that he held. *See,* 42 U.S.C. § 12132.

60. Defendant continuously failed to accommodate Plaintiff, including, but not limited to, refusing to allow him to transfer to positions better suited for him.

61. Allowing Mr. Martinez to transfer would not have caused substantial or grievous economic injury to the operations of the Defendant.

62. The Defendant's failure to engage in the "interactive process" to identify accommodations for the Plaintiff was an adverse action that led to the Plaintiff's termination.

63. Defendant, by its discriminatory treatment of the Plaintiff have intentionally, willfully, with deliberate indifference and without justification deprived Plaintiff of his federal statutory rights, as described herein.

64. This deprivation violated the Plaintiff's rights under the Americans with Disabilities Act.

## COUNT 3

## 42 U.S.C. §2000e, et seq.
## Retaliation

65. Plaintiff Mr. Martinez incorporates by reference paragraphs 1-48 as if fully set forth herein.

66. Defendant, by and through its manager, terminated Mr. Martinez in retaliation for his previous complaint of gender discrimination.

67. Defendant's termination of Mr. Martinez constituted retaliation in violation of 42 U.S.C. 2000e et seq.

68. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff Mr. Martinez suffered damages including but not limited to lost wages, humiliation, emotional distress, and other pecuniary and non-pecuniary losses, which damages would not have occurred but for Defendant Bishop Cabinets' unlawful discrimination.

69. Defendants acted intentionally or recklessly in regard to Plaintiff's federally protected rights, for which he seeks punitive damages.

# COUNT 4

## Americans with Disabilities Amendment Act of 2008 (ADAAA)
## 42 U.S.C. § 12101 et seq.
## Retaliation

70. Plaintiff Mr. Martinez incorporates by reference paragraphs 1-48 as if fully set forth herein.

71. Defendant, by and through its manager, terminated Mr. Martinez in retaliation for seeking a reasonable accommodation.

72. Defendant's termination of Mr. Martinez constituted retaliation in violation of 42 U.S.C. § 12101 et seq.

73. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff Mr. Martinez suffered damages including but not limited to lost wages, humiliation, emotional distress, and other pecuniary and non-pecuniary losses, which damages would not have occurred but for Defendant Bishop Cabinets' unlawful discrimination.

74. Defendants acted intentionally or recklessly in regard to Plaintiff's federally protected rights, for which he seeks punitive damages.

## JURY DEMAND

75. Plaintiff hereby demands a trial by jury of all issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the acts, practices, and omissions complained of herein are unlawful and violate Title VII and the ADA;

B. Permanently enjoin Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from engaging in the unlawful conduct of discriminating against employees based on their sexual orientation and/or identity and disability;

C. Order Defendant to institute and carry out policies, practices, programs, and training which provide equal employment opportunities for employees who are gay and/or disabled, and which eradicate the effects of Defendant's past and present unlawful employment practices;

D. Order Defendant to re-hire the Plaintiff and provide him with a job appropriate to his experience and within his accommodation;

E. Order other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

F.   Direct Defendant to pay for past and future non-pecuniary losses resulting from the unlawful practices complained of in the foregoing paragraphs, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;

G.   Direct Defendant to pay Plaintiff back pay, in an amount to be determined at trial;

H.   Award Plaintiff's attorneys' fees, costs, and disbursements as provided by law;

I.   Direct Defendant to pay Plaintiff punitive damages, in an amount to be determined at trial; and,

J.   Award such additional relief as justice may require.

Dated: November 27, 2024.

        Respectfully submitted,

        s/ Roderick T. Cooks
        Attorney for the Plaintiff

**Of Counsel:**
Winston Cooks, LLC
420 20th Street North
Suite 2200
Birmingham, AL 35203
(205) 278-5876 Facsimile
(205) 482-5174 Mobile
rcooks@winstoncooks.com

**Defendant's Address:**
Jim Bishop Cabinets, Inc.
c/o James F. Bishop, Registered Agent
5640 Bell Road
Montgomery, AL 36117

15