IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIYAN MARTINEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-758-JTA |
| | ) (WO) |
| JIM BISHOP CABINETS, INC., | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint. (Doc. No. 14.) Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Id.*) For the reasons that follow, Defendant's motion is due to be denied.

### I.   JURISDICTION

The Court has subject matter jurisdiction over this action based on federal question jurisdiction because Plaintiff brings claims pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*, and the Americans with Disabilities Amendment Act of 2008, 42 U.S.C. § 12101, *et seq. See* 28 U.S.C. § 1331; (Doc. No. 1). The parties do not contest personal jurisdiction over this action or venue, and the Court finds sufficient allegations to support both in the Middle District of Alabama.

The parties consented to the exercise of dispositive jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. No. 17.)

1

## II.     ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff Briyan Martinez alleges he worked for Defendant Jim Bishop Cabinets, Inc. as a line worker starting in April 2023. (Doc. No. 1 at ¶ 21.) While working for Defendant, Plaintiff avers he experienced harassment due to his sexual orientation. (*Id*. at ¶ 23.) Plaintiff asserts he developed respiratory issues, including debilitating nosebleeds, from the working conditions. (*Id*. at ¶ 27.) Plaintiff avers he requested to move to a different part of Defendant's production line and provided medical documents indicating his health issues stemmed from his assigned work area. (*Id*. at ¶¶ 36, 37.) Plaintiff maintains Defendant terminated him around July 25, 2024, after he informed his supervisor he was feeling dizzy and needed a break. (*Id*. at 40, 43.) Plaintiff alleges he was terminated because of his disability or perceived disability, respiratory distress, and for reporting/opposing sex and disability discrimination. (*Id*. at ¶ 43.) From these allegations, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. (Doc. No. 1-2 at 1.) On August 30, 2024, the EEOC issued to Plaintiff a Determination and Notice of Rights letter. (Doc. No. 1-2 at 3.)

On November 26, 2024, Plaintiff timely filed a complaint against Defendant. (Doc. No. 1.) From his alleged termination, Plaintiff brings four claims: (1) sex discrimination in violation of Title VII; (2) a violation of the Americans with Disabilities Amendment Act of 2008 (ADAA); (3) Title VII retaliation; and (4) ADAA retaliation. (*Id*. at 8–12.)

On January 15, 2025, Defendant filed a motion to dismiss. (Doc. No. 14.) After an extension of time, Plaintiff timely filed a response on February 13, 2025. (Doc. No. 20.) Defendant filed a reply on February 27, 2025. (Doc. No. 21.)

This matter is ripe for review.

### III.   STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court takes the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To avoid dismissal, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).

### IV.   DISCUSSION

Defendant argues Plaintiff's complaint should be dismissed because (1) Defendant never employed Plaintiff; (2) Defendant was not properly served with the EEOC charge; and (3) Plaintiff failed to file a signed EEOC charge that was verified with his signature. (Doc. No. 14 at 5–7.) Plaintiff responds these are questions of fact that cannot be resolved at the motion to dismiss stage. (Doc. No. 20 at 4–5.) The undersigned addresses each argument in turn.

   A.  Employment and Service of EEOC Charge

Defendant alleges it never employed Plaintiff. (Doc. No. 14 at 7.) Defendant further asserts it never received Plaintiff's EEOC charge, responded to the charge, had notice of the

charge, nor had the opportunity to participate in the EEOC's conciliation process. (*Id*. at 6.)[1] Plaintiff maintains he was employed by Defendant and fulfilled all conditions precedent to the institution of this action. (Doc. No. 20 at 3; Doc. No. 1 at ¶¶ 6, 21.)

Defendant attached an affidavit of its HR Director, Mary Barlow, to support its contentions. As a threshold matter, the Court must first address whether it may consider the affidavit at the motion to dismiss stage.

When ruling on a Rule 12(b)(6) motion, "a court generally may not consider matters outside of the pleadings without treating the motion as a motion for summary judgment." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1298 (11th Cir. 2024) (citing to Fed. R. Civ. P. 12(d)). There are two exceptions to this rule: "(1) the incorporation-by-reference doctrine and (2) judicial notice." *Id*. (citing *Baker v. City of Madison, Ala.*, 67 F.4th 1268, 1276 (11th Cir. 2023)). Under the incorporation-by-reference doctrine, a court may properly consider a document not referred to or attached to a complaint if "the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning its authenticity is not challenged." *Johnson*, 107 F.4th at 1300.

Here, whether Defendant employed Plaintiff and exhausted administrative remedies are central to Plaintiff's claims. Nonetheless, Plaintiff disputes the contents of the affidavit

---

[1] Defendant asserts these are "preconditions" that must be affirmatively shown or alleged to bring a Title VII action. (Doc. No. 21 at 4.) This assertion is based on a misguided reading of *Harris v. Board of Trustees University of Alabama*. In *Harris*, the court concluded the plaintiff had not exhausted her administrative remedies against one defendant because she did not name it in her EEOC charge. *Harris*, 846 F. Supp. 2d 1223, 1240 (N.D. Ala. 2012). Because the defendant had not been named in the plaintiff's EEOC charge, it was not served with the EEOC charge nor participated in the conciliation process. (*Id*. at 1239). Here, Plaintiff attached an EEOC charge which clearly named Defendant. (Doc. No. 1-2.)

and maintains Defendant employed him and he fulfilled all conditions precedent to bringing this action. (Doc. No. 20 at 3.) Accordingly, the affidavit of Mary Barlow does not meet the incorporation-by-reference doctrine requirements and cannot be considered by the Court at the motion to dismiss stage. The Court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick*, 693 F.3d at 1321–22. Plaintiff alleges Defendant employed him and that he fulfilled all conditions precedent to the institution of this action. (Doc. No. 1 at ¶¶ 6, 21.) Thus, the Court will accept the allegations as true for the purposes of this motion.

To consider Mary Barlow's affidavit, the Court must convert the motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). "Critically, such a conversion requires notice to the parties and an opportunity for mutual discovery." *Adinolfe v. United Tech. Corp.*, 768 F.3d 1161, 1168 (11th Cir. 2014). Here, there has been no notice to the parties nor opportunity for discovery. Accordingly, the Court declines to convert the motion to dismiss to a motion for summary judgment. *See Lovejoy v. Elmore Cnty.*, No. 2:12-cv-91-WKW, 2012 WL 5382305, at *3 (M.D. Ala. Nov. 1, 2012) (declining to convert a motion to dismiss to a motion for summary judgment because the record lacked "the comprehensiveness needed for a well-reasoned summary judgment decision").

B. Unsigned EEOC Charge

Defendant contends this action should be dismissed because Plaintiff failed to file a signed and verified EEOC charge and thus failed to exhaust his administrative remedies. (Doc. No. 14 at 3.) Plaintiff responds this is an issue of fact that can only be "sussed out" through discovery. (Doc. No. 20 at 5.) The undersigned agrees.

"EEOC regulations require an EEOC charge to be signed and verified." *Houston v. Army Fleet Serv., LLC*, 509 F. Supp. 2d 1033, 1041 (M.D. Ala. 2007); *see also* 42 U.S.C. § 2000e-5(b) ("Charges shall be in writing under oath or affirmation"); 29 C.F.R. § 1601.9 ("A charge shall be in writing and signed and shall be verified"). Failure to verify an EEOC charge "may bar a plaintiff from litigating [his] claim pursuant to Title VII." *Houston*, 509 F. Supp. 2d at 1041; *see also Vason v. City of Montgomery*, 240 F.3d 905, 907 (11th Cir. 2001) (affirming summary judgment when it was undisputed that the plaintiff did not file an EEOC charge under oath or affirmation). Defendant cites to both *Houston* and *Vason* in support of its argument, but neither apply to its motion to dismiss. Procedurally, both cases concern a motion for summary judgment, where the parties had the benefit of discovery. *See Houston*, 509 F. Supp. 2d at 1041–42; *Vason*, 240 F.3d at 907. At the motion to dismiss stage, when there has been no discovery conducted, the Court must rely on the facts alleged in the complaint. Considering Plaintiff alleges he "fulfilled all conditions precedent to the institution of this action under Title VII" (Doc. No. 1 at ¶ 6) and taking the facts alleged as true and construing them in the light most favorable to Plaintiff, the Court concludes dismissal is not proper at this stage.

## V.   CONCLUSION

Because the Court cannot consider the affidavit of Mary Barlow at the motion to dismiss stage and must take the facts alleged in the complaint as true, Defendant's motion to dismiss is due to be denied.

A separate order will issue.

DONE this 7th day of July, 2025.

                                                JERUSHA T. ADAMS
                                                UNITED STATES MAGISTRATE JUDGE